### IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

| | | |
|---|---|---|
| **AUBREY SULLIVAN, JR.,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | CIV. ACT. NO. 1:22-cv-196-TFM-B |
| | ) | |
| **EQUIFAX INFORMATION SERVICES,** | ) | |
| **LLC**, *et al.*, | ) | |
| | ) | |
| **Defendants.** | ) | |

### ORDER

Pending before the Court is the parties' Joint Motion for Dismissal (Doc. 43, filed January 18, 2023) filed by Plaintiff and Defendant Equifax Information Services, LLC ("Equifax"). These two parties move for dismissal of pursuant to Fed. R. Civ. P. 41(a)(2). While the motion is entitled joint, it is not signed by Defendant Motor Acceptance Corporation.

The Rules of Civil Procedure permit a plaintiff to voluntarily dismiss an action without an order of the court "by filing a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment" or "a stipulation signed by all parties who have appeared." FED. R. CIV. P. 41(a)(1)(A). A request to dismiss an action requires a court order and dismissal by terms the court considers "proper" if Fed. R. Civ. P. 41(a)(1) does not apply. FED. R. CIV. P. 41(a)(2).

This matter involves multiple parties and Plaintiff requests the Court dismiss only one (1) of the named defendants and the motion is only signed by the Plaintiff and Defendant at issue. Admittedly, caselaw on dismissals under Rule 41(a) for only portions of a case (claims or parties) has become increasingly muddled and hinges on the definition of "an action" as used in the rule.

In *Perry v. Schumacher Grp. of La.*, 891 F.3d 954, 958 (11th Cir. 2018), the Eleventh

Circuit held that Fed. R. Civ. P. 41(a)(1) was not the appropriate mechanism for dismissal of fewer than all claims asserted in a lawsuit. In doing so, it noted that the plain language of Rule 41(a)(1) contemplates dismissing an "action." *Id*. "There is no mention in the Rule of the option to stipulate dismissal of a portion of plaintiff's lawsuit - e.g., a particular claim - while leaving a different part of the lawsuit pending before the trial court." *Id*. (emphasis in original). However, the *Perry* court did not address whether Rule 41(a)(1) applies to the dismissal of less than all defendants of a lawsuit. This has resulted in quite the split between various district courts within the Circuit. *Compare Jackson v. Equifax Servs., LLC*, Civ. Act. No. 119-096, 2020 U.S. Dist. LEXIS 14991, 2020 WL 476698 (S.D. Ga. Jan. 29, 2020) *with Walker v. TransUnion LLC*, Civ. Act. No. 1:19-cv-85-MHT,  2019 U.S. Dist. LEXIS 50697, 2019 WL 1283440 (M.D. Ala. Mar. 20, 2019). In fact, some district courts in this circuit have held that *Perry* now means that Rule 41 is not the proper vehicle for dismissal a single party. *See, e.g. McCrimager v. Roberson*, Civ. Act. No. 4:18-cv-179-WS/MJF, 2019 U.S. Dist. LEXIS 150509, *2, 2019 WL 4170190, *1 (N.D. Fla. July 29, 2019); *Collins v. United of Omaha Life Ins. Co.*, Civ. Act. No. 6:21-cv-142-JA, 2021 U.S. Dist. LEXIS 28731 (M.D. Fla. Feb. 16, 2021). Rather, these courts indicate that the procedural path to effectuate the dismissal of a single defendant in a multiple defendant case is to utilize Fed. R. Civ. P. 15(a).

As *Perry* did not provide clarity on dismissing "an action" against only "one defendant of several," the Court must look elsewhere. Ultimately, the Court finds that *Perry* did not explicitly overrule longstanding precedent that the Court has the authority to dismiss all claims against a defendant under Fed. R. Civ. P. 41 even if there are other defendants in the case. *Klay v. United Healthgroup, Inc.*, 376 F.3d 1092, 1106 (11th Cir. 2004) ("[Fed. R. Civ. P.] 41 allows a plaintiff to dismiss all of his claims against a particular defendant . . . ."); *see also Plain Growers, Inc. ex*

*rel. Florists' Mut. Ins. Co. v. Ickes-Braun Glasshouses, Inc.*, 474 F.2d 250, 254 (5th Cir. 1973) ("There is little merit in the argument that the court could not dismiss the action as to less than all defendants upon motion [under (a)(2)] . . . ."); *Bonner v. City of Prichard, Ala.*, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*) (adopting all decisions of the former Fifth Circuit announced prior to October 1, 1981, as binding precedent in the Eleventh Circuit).

Nothing about *Perry* makes it clear that it is overruling longstanding precedent in *Plain Growers* and *Klay*. Furthermore, requiring an amended complaint under Rule 15 does not provide the certainty of a dismissal with prejudice that the parties request. It leaves open ambiguity in dropping a defendant and whether a plaintiff may later reinstitute the action against that same defendant. In short, parties that request a with prejudice dismissal should receive the certainty in outcome they request.

In sum, the Court finds it may still dismiss <u>all</u> claims against a <u>single</u> defendant in a multi-defendant action under Fed. R. Civ. P. 41(a)(2) when requested by a plaintiff. *See, e.g., Nat'l City Golf Fin. v. Scott*, 899 F.3d 412, 415 n.3 (5th Cir. 2018) ("Rule 41(a) permits a plaintiff to dismiss just one defendant, 'even though the action against another defendant would remain pending.'") (quoting *Plains Growers*, 474 F.2d at 253); *Exxon Corp. v. Md. Cas. Co.*, 599 F.2d 659, 662-63 (5th Cir. 1979) (distinguishing between impermissible Rule 41(a) dismissals of individual claims and permissible Rule 41(a) dismissals of individual defendants); 9 Wright & Miller, Federal Practice & Procedure § 2362 (3d ed. Apr. 2018 update) (spotting a circuit split on this question but calling this interpretation "the sounder view").

Based on the above, the Joint Motion for Dismissal (Doc. 43) is **GRANTED**. The claims in this case against Defendant Equifax are **DISMISSED with prejudice** with each party to bear their own attorneys' fees and costs.

This case remains pending against Defendant Motor Acceptance Corporation.

**DONE** and **ORDERED** this the 30th day of January 2023.

                                           s/Terry F. Moorer  
                                          TERRY F. MOORER  
                                          UNITED STATES DISTRICT JUDGE